UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    DEJAN NIKOLIC,

                                      Petitioner,

                   -against-                         20 Civ. 2500 (LGS)

    DIRECTOR THOMAS DECKER,
    *Director of the New York Field*                    **ORDER**
    *Office of U.S. Immigration &*
    *Customs Enforcement*,

    ACTING SECRETARY CHAD WOLF,
    *in his official capacity as Acting*
    *Secretary, U.S. Department of*
    *Homeland Security*,

    SHERIFF CARL E. DUBOIS,
    *in his official capacity as Sheriff of Orange*
    *County, New York*,

                                      Respondents.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS Petitioner has been a detainee at the Orange County Correctional Facility ("Orange County Jail") since November 28, 2018, in conjunction with immigration removal proceedings.

        WHEREAS, on March 23, 2020, the Board of Immigration Appeals dismissed Petitioner's appeal, rendering his removal order final and subjecting him to detention under 8 U.S.C. § 1231(a)(2), which provides for mandatory detention for 90 days: "Under no circumstances during the [90-day] removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2) . . . ." *See, e.g., Wang v. Ashcroft*,

320 F.3d 130, 145 (2d Cir. 2003) ("INA § 241, 8 U.S.C. § 1231, governs the detention of aliens subject to final orders of removal.").

WHEREAS, on March 23, 2020, Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1);

WHEREAS, on March 24, 2020, Petitioner filed an Application for Order to Show Cause, Preliminary Injunction and Temporary Restraining Order ("TRO Application"), based on the conditions of confinement at Orange County Jail and Petitioner's pre-existing medical conditions, in light of the COVID-19 crisis (Dkt. No. 5);

WHEREAS, on March 25, 2020, Petitioner filed a letter, updating the Court as to the number of positive cases of COVID-19 in Orange County, New York (Dkt. No. 7).

WHEREAS, on March 26, 2020, Respondents responded to Petitioner's TRO Application, and advised that they had just been informed of a suspected COVID-19 case at the Orange County Jail involving a criminal inmate, not an ICE detainee, and that pending test results, the jail has locked down all housing units (Dkt. No. 10 & n.4);

WHEREAS, on March 27, 2020, Petitioner filed a Reply (Dkt. No. 13). It is hereby

**ORDERED** that a hearing and argument on Petitioner's TRO Application will be held on **April 3, 2020, at 10:30 A.M.** Counsel are directed to call **(888) 363-4749** and use Access Code **558-3333**. It is further

**ORDERED** that Respondents shall submit by email to the Chambers Inbox, with a copy to Petitioner, Petitioner's medical records from the Orange County Jail as soon as possible but no later than **April 1, 2020,** related to Petitioner's diagnoses and treatment for Hepatitis-C, as well as medical records related to Petitioner's current medical condition and treatment, whether or not related to Hepatitis-C, including if possible a summary that includes the date of diagnosis of Hepatitis-C, the prescribed treatment for Petitioner's Hepatitis-C, including the date it commenced and duration, whether Petitioner currently suffers from any related liver conditions,

or is simply at risk for such conditions.  It is further

**ORDERED** that both parties shall submit any additional information by **April 1, 2020**, as to whether any condition from which Petitioner currently suffers makes him especially vulnerable to COVID-19, with citations to authority, and quotations or attachments as appropriate.  It is further

**ORDERED** that Respondents shall respond in writing to the following questions by **April 1, 2020,** not to exceed 15 pages, and be prepared to address similar topics at the hearing:

1. When Petitioner is scheduled and/or likely to be removed pursuant to the final order of removal.

2. The number of confirmed cases and the number of suspected cases of COVID 19 among ICE detainees and among criminal inmates, respectively at the Orange County Jail.

3. The extent to which ICE detainees and criminal inmates interact on a daily basis, whether being housed together, receiving medical treatment in the same facilities or being supervised by the same employees.

4. The number of confirmed cases and the number of suspected cases of COVID 19 among employees and any others who work at the Orange County Jail.

5. What if any steps are being taken to protect Petitioner from infection in light of his medical conditions, cognitive impairments and Korsakoff's Syndrome.

6. What procedures and protocols are in place with respect to all detainees at the Orange County Jail to protect persons in high-risk categories from the risk of COVID-19, including the availability of the following:
    - Social distancing;
    - Unrestricted access to soap and water;
    - Access to hand sanitizer;
    - Access to masks;
    - Communication with detainees about best practices to prevent the spread of infection.

7. What procedures are in place at the Orange County Jail to identify persons who have contracted COVID-19 (including persons who work at, are employed by, have visited, or are detained at the Orange County Jail) and how long they will remain in place.

8. How and where all detainees infected with COVID-19 will be treated, including those who become critically ill.

3

9. Whether it is correct, and applicable to Petitioner, that detainees at the Orange County Jail "live, sleep, and use the bathroom in close proximity with others" (Dkt. No. 1 ¶ 40).) and that the Orange County Jail "do[es] not have space to isolate infected individuals in individual cells" (Dkt. No. 1 ¶ 43).
    a. If Respondents claim that those assertions are not accurate, Respondents should explain, in detail, the capacity of the Orange County Jail to separate individuals and the plans for such separation.

It is further **ORDERED** that Petitioner shall respond in writing to the following questions by **April 1, 2020,** and be prepared to address similar topics at the hearing:

1. If Petitioner were released, with whom would he reside, who else lives in the residence, how would social distancing be accomplished, and who would commit to be responsible for his care and for what hours during the day and night?

2. If Petitioner were released, what measures have been taken to provide for his medical care and any other treatment?

3. If Petitioner were released, what measures would be taken to assure the safety of the community?

4. If Petitioner were released, what measures would be taken to assure his availability for deportation?

Dated: March 30, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4